This is a compensation suit in which the lower court rendered a judgment of nonsuit against the plaintiff for the reason he instituted his suit against a corporation for which he was not working at the time of the alleged accident and injury. Plaintiff is prosecuting this appeal from that judgment.
There is no doubt in our minds as to the correctness of the judgment of the lower court.
The undisputed facts are as follows:
On July 1, 1938, the Wyatt Lumber Company, Incorporated, sold, transferred and delivered to the Wyatt Lumber Manufacturing Company, Incorporated, a tract of real estate containing 200 acres in Sabine Parish, Louisiana, together with all buildings, hardwood mill, and pine sawmill located thereon. The transferee posted signs in and about the mills calling attention to the change in ownership.
Plaintiff alleged he was injured in an accident while feeding a planer machine in one of the mills which was involved in the above transfer, and that the accident occurred on August 2, 1938. The record also shows that plaintiff had only been working at the mill for about two weeks before the alleged accident. When plaintiff testified in chief, he was asked by his counsel for whom he was working on August 2nd, the day of the alleged accident and injury. He replied: "Wyatt Lumber Manufacturing Company — my pay slip at home shows that." Under leading questions by his attorney, he attempted to change his testimony by saying it was just a slip of the tongue. He answered the question correctly in the first instance, for it is certain plaintiff was working for the Wyatt Lumber Manufacturing Company, Incorporated, and had never worked for the Wyatt Lumber Company, Incorporated. He has clearly sued the wrong corporation and the judgment of non-suit on his demands was clearly a correct one under the circumstances.
The judgment of the lower court is therefore affirmed, with costs.